IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE DALE EAST, | |
|       Plaintiff, | |
| v. | Case No. 23-cv-01685-SPM |
| DIA LYNN DARR, | |
|       Defendant. | |

## MEMORANDUM AND ORDER

**McGlynn, District Judge:**

On May 17, 2023, plaintiff Maurice Dale East ("East") filed a civil rights complaint against defendant Dia Lynn Darr (East), claiming that she deprived him of his right to appear and defend himself at a court hearing in Jersey County, Illinois on April 22, 2022 (Doc. 2). East also claimed that Darr caused a fraudulent Order of Protection to issue on March 9, 2023, even though "no factual evidence was presented" and he was not properly allowed to defend himself due to an ongoing criminal matter (Id., p. 6). Although the complaint was filed on a court form while East was incarcerated in the Jersey County Jail, East indicated that "[t]his suit has nothing to do with any grievance process here" and "[t]his does NOT pertain to the County Jail, but to an individual" (Doc. 2, pp. 4-5).

Along with the complaint, East filed a motion to proceed in forma pauperis along with supporting affidavit ("IFP") (Doc. 3). Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he

possesses [showing] that he is unable to pay such fees or give security therefor."

This Court has reviewed East's IFP Motion and notes that at the time it was filed, East was incarcerated in the Jersey County Jail. Since that time, he has filed three separate Notices of Change of Address with the Court (Docs. 5 - 7); however, he has not updated his Affidavit since his release. Therefore, this Court has insufficient information to address East's IFP status.

The Court's inquiry does not end there; however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. 28 U.S.C. § 1915(e)(2). Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id*. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might

suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I[nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed in forma pauperis, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed in forma pauperis. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

East is confused on the Court's power to hear his case. Federal courts are courts of limited jurisdiction – unlike state courts, they can hear cases only when authorized to do so by the United States Constitution and by statute. *Kokkonen v. Guardian Life Inc. Co. of Am.*, 511 U.S. 375, 377 (1994). While this Court has jurisdiction to hear civil rights complaints pursuant to 28 U.S.C. § 1983, a proper cause of action was not asserted in East's complaint.

To state a claim under § 1983, East must allege: (1) the deprivation of a right secured by the Constitution or federal law; and, (2) that Darr was acting

under color of state law." *See Wilson v. Warren Cty.*, 830 F.3d 464, 468 (7th Cir. 2016). Darr is a private citizen, not a State actor. If a private citizen conspires with a state actor or is jointly engaged with state actor to deprive a person of conditional rights, private actors may be liable under Section 1983; however, those allegations are lacking in this complaint. *See Brokaw v. Mercer County,* 235 F.3d 1000, 1016 (7th Cir. 2000).

## CONCLUSION

For these reasons, this Court **DENIES** plaintiff's Motion to Proceed *in forma pauperis*. Further, the Complaint is **DISMISSED with prejudice** for failure to state a claim.

**IT IS SO ORDERED.**

**DATED: August 4, 2023**

                                          **/s/ Stephen P. McGlynn**
                                          STEPHEN P. McGLYNN
                                          U.S. District Judge